IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21043
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

SULAIMAN MUSTAPHA FARAWE, also known
as Michael Ajibola Farawe,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-303-2)
--------------------
November 7, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellee Sulaiman Mustapha Farawe appeals the sentence imposed following his guilty-plea conviction for conspiracy to possess and traffic in 15 or more counterfeit or unauthorized access devices and aiding and abetting in the possession of more than 15 counterfeit or unauthorized access devices. He first argues that the district court erred in basing its loss calculation on the intended loss from his credit card fraud rather than the actual loss. We have reviewed the record and

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclude that the district court did not plainly err by calculating Farawe's sentence on the basis of the intended loss. See United States v. Saacks, 131 F.3d 540, 542-43 (5th Cir. 1997); United States v. Ismoila, 100 F.3d 380, 396 (5th Cir. 1996).

We also reject Farawe's argument that the district court improperly denied him credit for acceptance of responsibility. Throughout the rearraignment and sentencing, Farawe attempted to minimize his participation in the offense of conviction and attempted to downplay his fraudulent intent. See U.S.S.G. § 3E1.1(a); United States v. Wilder, 15 F.3d 1292, 1299 (5th Cir. 1994).

Farawe contends that counsel was ineffective for failing to "protect" his opportunity to receive a two-level adjustment for acceptance of responsibility and for failing to investigate and object to the loss and restitution calculations. We decline to review Sixth Amendment claims of ineffective assistance of counsel on direct appeal when, as here, the record is not sufficiently developed to allow us to evaluate fairly the merits of the claims. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995); United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). AFFIRMED.